MATTHEW G. BAGLEY (6820)
6141 W. INDIAN PONY WAY
HERRIMAN, UT 84096
TELEPHONE: (801) 819-5686
ATTORNEY FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Andres Rubio Huerta, | No. 2:25cv434 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| DigniFi; Goldenwest Federal Credit Union; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and TransUnion, LLC. | **JURY TRIAL DEMAND** |
| Defendants. | |

### INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiff resides in and the injury occurred in Summit County, Utah and Defendants do business in Utah.

1

4. Personal jurisdiction exists over Defendants as Plaintiff resides in Utah, Defendants have the necessary minimum contacts with the state of Utah, and this suit arises out of specific conduct by Plaintiffs directed to or with the State of Utah.

## PARTIES

5. Plaintiff is, and was at all times hereinafter mentioned, a resident of Summit County, State of Utah.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Utah.

8. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Utah.

9. Defendant, TransUnion, LLC, ("Transunion") is a credit reporting agency, licensed to do business in Utah.

10. Defendants Equifax, Experian, and Transunion are, and at all times relevant hereto were, regularly doing business in the State of Utah.

11. Defendants Equifax, Experian, and Transunion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

12. Defendants Equifax, Experian, and Transunion furnish such consumer reports to third parties under contract for monetary compensation.

13. At all times pertinent hereto, Defendants Equifax, Experian and Transunion were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

14.     Defendant DigniFi ("DigniFi") is a for profit corporation existing and operating under the laws of the State of Utah that engages in the business of furnishing consumer credit information.

15.     Defendant Goldenwest Federal Credit Union, ("Goldenwest FCU") is a for profit corporation existing and operating under the laws of the State of Utah that engages in the business of furnishing consumer credit information.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants DigniFi, Goldenwest FCU, Equifax, Experian, and Transunion and has suffered particularized and concrete harm.

17.     Defendants Equifax, Experian, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

18.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

19.     Defendants Equifax, Experian, and Transunion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

20.     After reviewing Plaintiff's Equifax, Experian, and Transunion consumer reports, Plaintiff discovered a DigniFi account and Goldenwest FCU account (the "Accounts") being reported in error – specifically the Accounts are reporting with a balance past due after the Accounts were sold to third parties.

21.     Lockhart Morris & Montgomery ("LMM") is the current owner of the DigniFi Account, and a balance is reported due on Plaintiff's consumer report by LMM for that account.

22.     As LMM is the current owner of the DigniFi Account, any balance owed on that account is owed exclusively to LMM.

23.     Bonneville Collections ("Bonneville") is the current owner of the Goldenwest

3

FCU Account, and a balance is reported due on Plaintiff's consumer report by Bonneville for that account.

24. As Bonneville is the current of the Goldenwest FCU account, any balance owed on that account is owed exclusively to Bonneville.

25. The false and misleading information regarding the Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

26. The duplicate reporting of the Accounts overstate the number of delinquent Accounts on Plaintiff's credit report, and it overstates the amount of outstanding debt in Plaintiff's name.

27. The inaccurate and misleading Accounts have become a permanent component of Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

### WRITTEN DISPUTE

28. Plaintiff sent a written dispute letter to Defendants Equifax, Experian, and Transunion (collectively "Dispute Letters"), disputing the inaccurate information regarding the Accounts showing on Plaintiff's consumer reports.

29. Defendant Equifax failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

30. Defendant Equifax employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

31. Defendant Experian failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

32. Defendant Experian employed an investigation process that was not reasonable

and did not remove the false information identified in Plaintiff's Dispute.

33. Defendant Transunion failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

34. Defendant Transunion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

35. At no point after receiving the Disputes did Defendants communicate with Plaintiff to determine the veracity and extent of Plaintiff's Disputes.

36. Defendant Equifax relied on its own judgment and the information provided to it by Defendants DigniFi and Goldenwest FCU rather than grant credibility to the information provided by Plaintiff.

37. Defendant Experian relied on its own judgment and the information provided to it by Defendants DigniFi and Goldenwest FCU, rather than grant credibility to the information provided by Plaintiff.

38. Defendant Transunion relied on its own judgment and the information provided to it by Defendants DigniFi and Goldenwest FCU, rather than grant credibility to the information provided by Plaintiff.

**COUNT I – Equifax, Experian, and Transunion**
(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

39. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

40. After receiving the Equifax Dispute, Defendant Equifax failed to correct the false and misleading information reporting on Plaintiff's consumer report.

41. After receiving the Experian Dispute, Defendant Experian failed to correct the false and misleading information reporting on Plaintiff's consumer report.

42. After receiving the Transunion Dispute, Defendant Transunion failed to correct the false and misleading information reporting on Plaintiff's consumer reports.

43. Defendants Equifax, Experian, and Transunion each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning Plaintiff.

44. As a result of this conduct, action and inaction of Defendants Equifax, Experian, and Transunion, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. The conduct, action, and inaction of Defendant Equifax, Experian, and Transunion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

46. In the alternative, Defendants Equifax, Experian, and Transunion were each negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Equifax, Experian, and Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT II – Equifax, Experian, and Transunion
(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

48. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

49. After receiving the Equifax Dispute, Defendant Equifax failed to correct the false and misleading information reporting on Plaintiff's consumer report.

50. After receiving the Experian Dispute, Defendant Experian failed to correct the false and misleading information reporting on Plaintiff's consumer report.

51. After receiving the Transunion Dispute, Defendant Transunion failed to correct the false and misleading information reporting on Plaintiff's consumer report.

52. Defendants Equifax, Experian, and Transunion each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in each of Plaintiff's credit files, and by failing to provide Plaintiff with a description of their procedures used to determine the accuracy and completeness of the disputed information.

53. As a result of this conduct, action and inaction of Defendants Equifax, Experian, and Transunion, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. The conduct, action, and inaction of Defendants Equifax, Experian, and Transunion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

55. In the alternative, Defendants Equifax, Experian, and Transunion were negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

56. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Equifax, Experian, and Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – DigniFi
(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

57. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

58. After receiving Plaintiff's Disputes, Defendant DigniFi failed to remove the false and misleading information regarding the DigniFi Account reporting on Plaintiff's consumer reports.

59. Defendant DigniFi violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

60. As a result of this conduct, action, and inaction of Defendant DigniFi, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

61. Defendant DigniFi's conduct, action, and inaction were willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

62. In the alternative, Defendant DigniFi was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

63. Plaintiff is entitled to recover costs and attorneys' fees from Defendant DigniFi pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**COUNT IV – Goldenwest FCU**
(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

64. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

65. After receiving Plaintiff's Disputes, Defendant Goldenwest FCU failed to remove the false and misleading information regarding the Goldenwest FCU Account reporting on Plaintiff's consumer reports.

66.     Defendant Goldenwest FCU violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

67.     As a result of this conduct, action, and inaction of Defendant Goldenwest FCU, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

68.     Defendant Goldenwest FCU's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

69.     In the alternative, Defendant Goldenwest FCU was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

70.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Goldenwest FCU pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1.     Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

      2.      Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation(s);

      3.      The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

      4.      Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:  May 30, 2025

                                                  /s/ Matthew G. Bagley
                                                Matthew G. Bagley